# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHEN J. BRUSSARD, | ) | |
| | ) | 1:20-CV-11758 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARVARD UNIVERSITY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>COMPLAINT</u>

Stephen J. Brussard by and through his attorney, Kevin M. Plante, Esq. of General Counsel Law LLC, for his Complaint against Harvard University, alleges, on personal knowledge and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.      This is a Complaint brought by Stephen J. Brussard, a whistleblower, who was retaliated against by one of the largest, most well-known institutions in the world, Harvard University. Harvard has an endowment of more than $40 billion and owns more than 5,400 acres in Massachusetts alone, where 600 buildings of varying sizes and characteristics are operated and maintained by employees, including skilled carpenters, electricians, plumbers. Mr. Brussard was one such skilled employee. He worked for Harvard for more than 36 years. In 2018, when Mr. Brussard witnessed theft, misappropriation and other illegal and unethical activities by Harvard staff, he "blew the whistle" by reporting the misconduct and the individuals involved to his supervisor. Harvard initiated an investigation and ultimately terminated several Harvard employees whom Mr. Brussard had reported. Subsequently, Mr. Brussard himself was terminated by his supervisor. Although Mr. Brussard was protected as a whistleblower under applicable law and Harvard policies, he was retaliated against for blowing the whistle on these

individuals. For at least 11 years, Mr. Brussard worked exclusively for Harvard. However, Harvard misclassified Mr. Brussard as an independent contractor. As a factual matter, he was an employee who worked under the direction and control of Harvard. Under the Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B, he was an employee. Harvard. In violation of the Massachusetts Whistleblower Protection Act, M.G.L. c. 149, § 185, he was terminated in retaliation for blowing the whistle on corruption at Harvard. He remains unpaid for work he performed at Harvard in violation of the Massachusetts "Wage Act," M.G.L. c. 149, § 148. After 11 years working for Harvard as a committed employee, he was callously terminated in violation of applicable law and Harvard's own written whistleblower and retaliation policies.

2.      Plaintiff seeks mandatory treble damages, plus interest attorneys' fees and costs for Defendant's violation of the Independent Contractor statute and the Wage Act. Plaintiff seeks monetary damages including back pay, front pay and benefits for Defendant's violation of the Whistleblower Protection Act.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of New Hampshire and a citizen of Massachusetts.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that the Defendant resides in this district in Massachusetts.

5.      Venue is also proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district

## PARTIES

6.      Plaintiff is an individual who is a resident and citizen of New Hampshire. He is a former employee of Harvard University. He lives at 115 Chandler Lane in Wakefield, New Hampshire.

7.      The Defendant is an educational institution incorporated in Massachusetts. Upon information and belief, Harvard University "is a private university in Cambridge, Massachusetts, U.S., and a member of the Ivy League."

## FACTS

8.      Mr. Brussard started working in the trades in May of 2001 under the name "Brussard General Contractors." He performed diverse contracting services in connection with the maintenance of buildings and facilities, including electrical, plumbing, carpentry, painting, flooring, roofing and masonry services.

9.      Starting on or about 2007, the Plaintiff provided contracting services exclusively to Harvard as an employee in their facilities department.

10.      Plaintiff's services were in fact performed under the control and direction of the Defendant.

11.      Plaintiff's services were performed work in the usual course of the business of Harvard's facilities department.

12.      The Plaintiff did not customarily or independently engage in the same work for others as part of an established business.

13.      While working at Harvard, the Plaintiff witnessed the theft of Harvard assets, property and resources by Harvard managers and employees. While working at Harvard, the Plaintiff witnessed Harvard managers sending workers to their personal residences to perform work on their homes. The Plaintiff witnessed other illegal and unethical acts of Harvard personnel.

17.      On May 21, 2018, the Plaintiff "blew the whistle" by reporting the incidents to his supervisor, Zachary Gingo, Associate dean for Physical resources and Planning, Faculty Arts and Sciences.

18.      On June 4, 2018, Andy Krupa called Mr. Brussard to schedule an interview as part of an investigation by Harvard's Risk Management & Audit Services ("RMAS") regarding the facts underlying Mr. Brussard's report to Mr. Gingo. On June 7, 2018,

19.      On June 7, 2018, RMAS agents Michael A. Monaghan, Matthew Boudreau and Andy Krupa traveled to meet with Mr. Brussard and his wife Betty at their vacation home in Wakefield, New Hampshire. The Brussards answered RMAS' questions and provided information and documents to the agents.

20.     RMAS subsequently investigated Mr. Brussard's allegations. Evidence obtained during RMAS' investigation corroborated Mr. Brussard's allegations and led to the termination of several Harvard personnel.

21.     On October 16, 2019, Jason Munro, manager of Director of Infrastructure and Renewal, Faculty of Arts and Sciences, terminated Mr. Brussard after working at Harvard for 36 years. Mr. Munro called Mr. Brussard and told him that Harvard was "going in a different direction." He also told Mr. Brussard to submit any remaining invoices and promised that they would be paid promptly.

22.     Harvard has not paid Mr. Brussard for certain services performed prior to his termination.

23.     Mr. Brussard has, in fact, been asked to perform work at Harvard since being terminated.

24.     Harvard retained workers that Mr. Brussard had recruited to work at Harvard.

25.     Attached hereto as Exhibit A is a true and correct copy of the Private Right of Action against Harvard University ("Right to Sue") Letter, from the Office of the Attorney General to Kevin M. Plante, Esq., dated June 23, 2020, authorizing the Plaintiff to pursue this matter through a private civil lawsuit.

## CAUSES OF ACTION

### Count One

### Misclassification – Massachusetts Independent Contractor Statute

26.     Plaintiff repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

27.     Plaintiff was an employee of the Defendant. The Defendant misclassified the Plaintiff as an independent contractor. The Plaintiff worked under the control and direction of the Defendant.

28.     The Plaintiff obtained a Private Right of Action against Harvard University ("Right to Sue") Letter, from the Office of the Attorney General to Kevin M. Plante, Esq., dated June 23, 2020, and thus the condition precedent to filing this suit has been fulfilled.

29.     Based on the facts set forth in this Complaint, the Defendant is strictly liable for violation of Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B.

30.     By reason of the foregoing, the Defendant is liable for mandatory treble damages, plus interest attorneys' fees and costs.

<u>**Count Two**</u>

**Retaliation – Massachusetts Whistleblower Protection Act**

31.     Plaintiff repeats and realleges paragraphs 1 through 29 hereof, as if fully set forth herein.

32.     On May 21, 2018, the Plaintiff reported violations of law and unethical conduct by Harvard staff to his supervisor. Subsequent investigation led to the termination of certain employees of the Defendant. The Defendant subsequently terminated Plaintiff's employment in retaliation for "blowing the whistle" on fellow employees at Harvard.

33.     Based on the facts set forth in this Complaint, the Defendant violated the Massachusetts Whistleblower Protection Act, M.G.L. c. 149, § 185.

34.     By reason of the foregoing, the Defendant is liable for monetary damages including back pay, front pay and benefits, plus attorneys' fees and expenses.

<u>**Count Three**</u>

**Violation of the Massachusetts Payment of Wages Act ("Wage Act")**

35.     Plaintiff repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36.     The Plaintiff was an employee of the Defendant. The defendant failed to pay the Plaintiff for work performed at the request of the Defendant.

37.     Based on the facts set forth in this complaint, the Defendant is strictly liable for violation of Massachusetts Wage Act, M.G.L. c. 149, § 148.

38.     By reason of the foregoing, the Defendant is liable for treble damages, plus interest attorneys' fees and costs.

**WHEREFORE**, the Plaintiff requests judgment as follows:

A.  On Count One, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than mandatory treble damages, plus interest and attorneys' fees and costs.

B.  On Count Two, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than back pay, front pay and benefits, plus interest and attorneys' fees and costs.

B.  On Count Three, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than mandatory treble damages, plus interest and attorneys' fees and costs.

C.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

Stephen J. Brussard

By: _____

Kevin M. Plante, Esq.
BBO #630088

General Counsel Law LLC
20 Park Plaza, Suite 498
Boston, Massachusetts 02116
Phone: 617-784-8306
Email: plante@gclaw.com

Mailing address:
27 Crystal Lake Drive
Sudbury, MA 01776

Dated: 10/01/20

Boston, Massachusetts

# VERIFICATION

Massachusetts

ss.:

County of Suffolk

I, Stephen J. Brussard, being duly sworn, depose and say that I am the Plaintiff in the case captioned *Stephen J. Brussard v. Harvard University* and I have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on information and documents and believe them to be true.

_____
Stephen J. Brussard

Sworn to me this 28 day of August, 2020.

_____
Notary Public



7

**EXHIBIT A**

*Private Right of Action against Harvard University ("Right to Sue") Letter from the*
*Office of the Attorney General to Kevin M. Plante, Esq., dated June 23, 2020*



# THE COMMONWEALTH OF MASSACHUSETTS
# OFFICE OF THE ATTORNEY GENERAL
## ONE ASHBURTON PLACE
## BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

June 23, 2020

Attorney Kevin M. Plante
General Counsel Law, LLC
20 Park Plaza, Suite 498
Boston, MA  02116

RE:     Stephen Brussard
        Request for Private Right of Action against Harvard University

Dear Attorney Plante:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit.  If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.


Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465