## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN J. BRUSSARD, )<br><br>Plaintiff, )<br><br>v. )<br><br>PRESIDENT & FELLOWS OF HARVARD )<br>COLLEGE aka HARVARD UNIVERSITY, )<br><br>Defendant. ) | **1:20-CV-11758**<br><br><br>**JURY TRIAL DEMANDED** |

## <u>AMENDED COMPLAINT</u>

Stephen J. Brussard, by and through his attorney, Kevin M. Plante, Esq. of General Counsel Law LLC, for his Complaint against Harvard University, alleges, on personal knowledge and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      This Amended Complaint is brought by Stephen J. Brussard, a whistleblower, who was retaliated against by one of the largest, most well-known institutions in the world, Harvard University. Harvard has an endowment of more than $40 billion and owns more than 5,400 acres in Massachusetts alone, where 600 buildings of varying sizes and characteristics are operated and maintained by employees, including skilled carpenters, electricians and plumbers. Mr. Brussard was one such skilled employee. He worked at Harvard for more than 36 years. In 2018, when Mr. Brussard witnessed theft, misappropriation and other illegal and unethical activities by Harvard staff, he "blew the whistle" by reporting the misconduct and the individuals involved to

his supervisor. Harvard initiated an investigation and ultimately terminated several Harvard employees whom Mr. Brussard had reported. Subsequently, Mr. Brussard himself was terminated by his supervisor. Although Mr. Brussard was protected as a whistleblower under applicable law and Harvard's own policies, he was callously terminated and retaliated against for blowing the whistle on these individuals and reporting the corruption at Harvard. For at least the last 11 years, Mr. Brussard worked exclusively for Harvard. Harvard managers issued work schedules, work orders and directions to perform specific tasks at specified locations on campus to Mr. Brussard and other employees. However, Harvard misclassified Mr. Brussard as an independent contractor. As a factual matter, he was an employee who worked under the direction and control of Harvard. As a legal matter, he is presumed to be an employee under the Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B. Mr. Brussard remains unpaid for work he performed at Harvard in violation of the Massachusetts "Wage Act" found at M.G.L. c. 149, § 148.

2.      Plaintiff seeks unpaid wages and monetary damages including wages and benefits, as well as mandatory treble damages, interest, plus attorneys' fees and costs for Defendant's violations of the Independent Contractor statute and the Wage Act. Plaintiff seeks monetary damages including back pay, front pay, benefits, plus attorneys' fees and costs for Defendant's violation of common law protections against retaliatory terminations of whistleblowers.

## JURISDICTION

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between a citizen of New Hampshire and a citizen of Massachusetts and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

**VENUE**

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendant

resides in this district in Massachusetts.

5.      Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

6.      Plaintiff is an individual who is a resident and citizen of New Hampshire. He lives at 115

Chandler Lane in Wakefield, New Hampshire with his wife Betty Brussard. He is a former

employee of Harvard University.

7.      The Defendant is a prestigious educational institution and a member of the "Ivy League."

According to Harvard, it was established in 1636 by vote of the Great and General Court of the

Massachusetts Bay Colony.

**FACTS**

8.      Mr. Brussard started working in the trades in May of 2001 under the name "Brussard

General Contractors." He performed diverse contracting services in connection with the

maintenance of buildings and facilities, including electrical, plumbing, carpentry, painting,

flooring, roofing and masonry services.

9.      Starting in or about 2007, the Plaintiff provided contracting services exclusively to

Harvard as an employee in the facilities department, the Facilities Maintenance Organization

("FMO").

10.     Plaintiff's services were, in fact, performed under the control and direction of the Defendant.

11.     Plaintiff's services were performed in the usual course of the business of Harvard's FMO.

12.     During the relevant period, the Plaintiff did not customarily or independently engage in the same work for others as part of an established business.

13.     Mr. Brussard has never held a Construction Supervisor's License.

14.     While working at Harvard, the Plaintiff witnessed the theft of Harvard assets and resources by Harvard managers and employees. Plaintiff witnessed Harvard managers sending workers to their personal residences to perform work on their homes. The Plaintiff witnessed other illegal and unethical acts of Harvard personnel.

15.     On May 21, 2018, the Plaintiff "blew the whistle" by reporting incidents of theft to his supervisor, Zachary Gingo, Associate Dean for Physical Resources and Planning, Faculty of Arts and Sciences.

16.     On June 4, 2018, Andrew Krupa from Harvard's Risk Management & Audit Services ("RMAS") called Mr. Brussard to schedule an interview as part of an investigation by RMAS into the facts underlying Mr. Brussard's report to Mr. Gingo.

17.     On June 7, 2018, RMAS agents Michael A. Monaghan, Matthew Boudreau and Andrew Krupa traveled to meet with Mr. Brussard and his wife Betty at their vacation home in Wakefield, New Hampshire. The Brussards answered the RMAS agents' questions, provided information and documents to the agents and otherwise cooperated in the investigation.

18.     Evidence obtained during RMAS' subsequent investigation corroborated Mr. Brussard's allegations and led to the termination of several Harvard personnel.

19.     Harvard University's "Whistleblowing Policy" states: "Members of the Harvard community are encouraged to report suspected violations of law or University policy." The Whistleblowing Policy also states: "The University will protect from retaliation members of the Harvard community who make good faith reports of suspected violations of law or University policy."

20.     On October 16, 2019, Jason Munro, Director of Infrastructure and Renewal, Faculty of Arts and Sciences, terminated Mr. Brussard after working at Harvard for 36 years. Mr. Munro called Mr. Brussard and told him that Harvard was "going in a different direction." He also told Mr. Brussard to submit any remaining invoices and promised that they would be paid promptly.

21.     Harvard has not paid Mr. Brussard for certain services performed prior to his termination.

22.     Mr. Brussard has, in fact, been asked to work at Harvard since being terminated.

23.     Harvard retained workers that Mr. Brussard had recruited to work at Harvard.

24.     Attached hereto as Exhibit A is a true and correct copy of the Private Right of Action against Harvard University ("Right to Sue") Letter, from the Office of the Attorney General to Kevin M. Plante, Esq., dated June 23, 2020, authorizing the Plaintiff to pursue this matter through a private civil lawsuit.

## CAUSES OF ACTION

### Count One

### Misclassification – Violation of the Massachusetts Independent Contractor Statute

25.     Plaintiff repeats and realleges paragraphs 1 through 24 hereof, as if fully set forth herein.

26.     Plaintiff was an employee of the Defendant.

27.     The Defendant misclassified the Plaintiff as an independent contractor. The Plaintiff worked under the control and direction of the Defendant, his services were of the type conducted in the usual course of Harvard's FMO and the Plaintiff did not customarily or independently engage in the same work for others as part of an established business.

28.     The Plaintiff obtained a Private Right of Action against Harvard University ("Right to Sue") Letter, from the Office of the Attorney General to Kevin M. Plante, Esq., dated June 23, 2020, thus fulfilling the condition precedent to filing this suit.

29.     Based on the facts set forth in this Complaint which are incorporated by reference herein, the Defendant is strictly liable for violation of Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B.

30.     By reason of the foregoing, the Defendant is liable for monetary damages wages and benefits, mandatory treble damages, interest, plus attorneys' fees and costs.

### Count Two

### Retaliatory Termination – "Whistleblower"

31.     Plaintiff repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32.     It is important public policy of the Commonwealth of Massachusetts to report illegal activities and to participate in the investigation of illegal activities.

33.     On May 21, 2018, the Plaintiff reported violations of law and policy and unethical conduct by Harvard staff to his supervisor. The Plaintiff cooperated and participated in the Defendant's investigation into the reported misconduct. The investigation led to the termination of certain employees of the Defendant.

34.     Harvard wrongfully terminated the Plaintiff in retaliation for reporting illegal activities and "blowing the whistle" on Harvard employees and thus violated important public policies of the Commonwealth.

35.     Based on the facts set forth in this Complaint which are incorporated by reference herein, the Defendant violated common law protections for workers terminated in retaliation for engaging in protected activities.

36.     By reason of the foregoing, the Defendant is liable for monetary damages including back pay, front pay, benefits, plus attorneys' fees and costs.

## Count Three

### Violation of the Massachusetts Payment of Wages Act ("Wage Act")

37.     Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38.     The Plaintiff was an employee of the Defendant.

39.     The defendant failed to pay the Plaintiff for work performed at the request of the Defendant.

40.     Based on the facts set forth in this complaint which are incorporated by reference herein, the Defendant is strictly liable for violation of Massachusetts Wage Act, M.G.L. c. 149, § 148.

41.     By reason of the foregoing, the Defendant is liable for monetary damages including unpaid wages, mandatory treble damages, interest, plus attorneys' fees and costs.

**WHEREFORE**, the Plaintiff requests judgment as follows:

A.  On Count One, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than monetary damages including wages, benefits, mandatory treble damages, interest, plus attorneys' fees and costs.

B.  On Count Two, awarding monetary damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than back pay, front pay, benefits, interest, plus attorneys' fees and costs.

B.  On Count Three, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than unpaid wages for work performed, mandatory treble damages, interest, plus attorneys' fees and costs.

C.  Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEPHEN J. BRUSSARD

By: _____

Kevin M. Plante, Esq.
BBO #630088

General Counsel Law LLC
20 Park Plaza, Suite 498
Boston, Massachusetts 02116
Phone: 617-784-8306
Email: plante@gclaw.com

Mailing address:
27 Crystal Lake Drive
Sudbury, MA 01776

Dated: January 5, 2021
Boston, Massachusetts

## VERIFICATION

Massachusetts
ss.:
County of Suffolk

I, Stephen J. Brussard, being duly sworn, depose and say that I am the Plaintiff in the case
captioned *Stephen J. Brussard v. President & Fellows of Harvard College aka Harvard
University* and I have authorized the filing of this Amended Complaint.  I have reviewed the
allegations made in the Amended Complaint and to those allegations of which I have personal
knowledge, I believe them to be true.  As to those allegations of which I do not have personal
knowledge, I rely on information and documents and believe them to be true.

_____
Stephen J. Brussard

Sworn to me this 5 day of January, 2021.

_____
Notary Public

SHELBY M. HARTFORD
MY COMMISSION EXPIRES NOV. 6, 2024
NOTARY PUBLIC
NEW HAMPSHIRE

## CERTIFICATE UNDER LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that prior to filing
this Amended Complaint, he attempted to obtain assent from counsel for the Defendant
regarding the subject matter of this Amended Complaint and was notified that the Defendant
does not assent to the relief requested.

_____
Kevin M. Plante

10

**CERTIFICATE OF SERVICE**

I, Kevin M. Plante, counsel for Stephen J. Brussard, hereby certify that this document has been filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on this date.

_____
Kevin M. Plante

Date: January 5, 2021

**EXHIBIT A**

*Private Right of Action against Harvard University ("Right to Sue") Letter from the Office of the Attorney General to Kevin M. Plante, Esq., dated June 23, 2020*



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
(617) 727-4765 TTY
www.mass.gov/ago

June 23, 2020

Attorney Kevin M. Plante
General Counsel Law, LLC
20 Park Plaza, Suite 498
Boston, MA  02116

RE:     Stephen Brussard
        Request for Private Right of Action against Harvard University

Dear Attorney Plante:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

Massachusetts General Laws Chapter 149, § 150, and Chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws.

This letter is to inform you that we are authorizing you to pursue this matter through a private civil lawsuit.  If you elect to sue in civil court, you may bring an action on your own or your clients' behalf, and on behalf of other similarly situated workers.

This office will not pursue an investigation or enforcement at this time.

Sincerely,

Fair Labor Division
Office of Attorney General Maura Healey
(617) 727-3465