**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STEPHEN J. BRUSSARD,　　　　　　　　） | |
| 　　　　　　） | |
| 　　　　Plaintiff,　　　　） | 1:20-CV-11758 |
| 　　　　　　） | |
| 　　v.　　　　　） | |
| 　　　　　　） | |
| PRESIDENT & FELLOWS OF HARVARD　） | |
| COLLEGE aka HARVARD UNIVERSITY,　） | |
| 　　　　　　） | |
| 　　　　Defendant.　　　） | |

**PLAINTIFF STEPHEN J. BRUSSARD'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION FOR RECUSAL**

Pursuant to 28 U.S.C. §§ 144 and 455, Stephen J. Brussard, through his attorney, Kevin M.

Plante, Esq., respectfully moves to recuse the Honorable William G. Young from presiding over the

proceedings in this action and for other and further relief as the Court deems just and proper. In

support, Mr. Brussard submits this Memorandum of Law which is being filed contemporaneously

with the Motion for Recusal and the Affidavit of Stephen J. Brussard.

**INTRODUCTION**

Stephen J. Brussard ("Mr. Brussard") worked for the Harvard University ("Harvard" or

"Defendant") for 36 years performing manual labor and other services. In 2019, he was terminated

by Harvard. On October 1, 2020, he filed a Complaint against Harvard for violation of the

Massachusetts Independent Contractor Statute and the Massachusetts Payment of Wages Act

("Wage Act"), as well as common law retaliatory termination.

The underlying facts of the case are of limited relevance in this Motion for Recusal.

Nevertheless, for context, certain background facts are provided below under "Background." The

facts that are most relevant for purposes of this Motion relate to the assignment of judges in this

case. This case was assigned to the Honorable Patti B. Saris, Esq. ("Judge Saris"). Judge Saris

issued an Order of Recusal, dated October 2, 2020 recused herself on the ground that she lectures at

Harvard and her husband is a teacher at Harvard. The case was then assigned to the Honorable

William G. Young, Esq. ("Judge Young"). Mr. Brussard has filed this Motion because he is

concerned that Judge Young's various relationships, affiliations, associations, positions, honors,

communications and activities ("Connections") with Harvard will affect his ability to be unbiased

and impartial. In addition, regardless of any actual bias or prejudice, Mr. Brussard is concerned that

the appearance of bias and prejudice will result should Judge Young preside over this case.

Mr. Brussard prepared an Affidavit (attached hereto as Exhibit 1 and incorporated herein by

reference) in support of his Motion for Recusal setting forth certain examples of Judge Young's

Connections to the Defendant, Harvard University.

**BACKGROUND**

Mr. Stephen J. Brussard is a whistleblower who was retaliated against by one of the largest,

most well-known institutions in the world, Harvard University. Harvard has an endowment of more

than $40 billion and owns more than 5,400 acres in Massachusetts alone, where 600 buildings of

varying sizes and characteristics are operated and maintained by employees, including skilled

carpenters, electricians and plumbers. Mr. Brussard was one such skilled employee. He worked for

Harvard for more than 36 years. In 2018, when Mr. Brussard witnessed theft, misappropriation and

other illegal and unethical activities by Harvard staff, he "blew the whistle" by reporting the

misconduct and the individuals involved to his supervisor. Subsequently, Mr. Brussard himself was

terminated by his supervisor. Although Mr. Brussard was protected as a whistleblower under

applicable law and Harvard's own whistleblower and retaliation policies, he was retaliated against

for engaging in protected conduct. During the last decade he worked for Harvard, he worked almost

exclusively for Harvard, in the Facilities Maintenance Organization. However, Harvard misclassified Mr. Brussard as an independent contractor. As a factual and legal matter, he was an employee who worked under the direction and control of Harvard. Harvard violated the Massachusetts Independent Contractor Statute, M.G.L. c. 149, § 148B by treating him as an independent contractor. He remains unpaid for work he performed at Harvard in violation of the Massachusetts Wage Act, M.G.L. c. 149, § 148. After decades of hard work and commitment to Harvard, he was callously terminated in retaliation for "blowing the whistle" on fellow employees.

**ARGUMENT**

The recusal standards for U.S. District Court judges are found in 28 U.S.C. § § 144 and 455. These statutes require recusal where there is a showing that the judge is biased and in certain other enumerated circumstances. *See* 28 U.S.C. § § 144, 455(b). In addition, recusal is required where there is no showing of actual bias but the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The relevant statutory language is as follows.

28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exist.

28 U.S.C. § 455 at (a) and (b)(1) provide:

Disqualification of justice, judge, or magistrate judge:
  (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding

The primary statutory language implicated here is 28 U.S. Code § 455(a) which provides that any U.S. judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires that any motion to recuse be supported by facts that "an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981); see *United States v. Sampson*, 12 F. Supp. 3d 203, 206 (D. Mass. 2014). The concern is not only with actual bias or prejudice, but also with "its appearance" potentially calling into question the integrity of the judicial system. *In re United States*, 441 F.3d 44, 68 (1st Cir. 2006) (*quoting Liteky v. United States*, 510 U.S. 540, 548 (1994)).

The Complaint in this case was filed October 1, 2020. This case was then assigned to the Honorable Patti B. Saris, Esq. ("Judge Saris"). Judge Saris issued an Order of Recusal, dated October 2, 2020, recusing herself from the case (attached hereto as Exhibit 2). The Order of Recusal states:

"Pursuant to 28 U.S.C. § 455 (a) and (b), I recuse myself on the ground my husband teaches at Harvard University and I am a lecturer at the school."

For the same or similar reasons that Judge Saris recused herself under 28 U.S.C. § 455(a), Judge Young should be recused.

Mr. Brussard's Affidavit contains examples of Judge Young's Connections to Harvard. The information was publicly available on the internet - Mr. Brussard simply performed a Google search to obtain the material. The facts listed in Mr. Brussard's Affidavit constitute Connections that Judge

4

Young has with Harvard that "an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981).

For example, Judge Young graduated from Harvard undergraduate college and Harvard Law School. He has taught at Harvard as Lecturer in Law. He has participated in Harvard Law School Clinical and Pro Bono Programs. Judge Young has been honored by his *alma mater*, for example, by being named to Harvard's Phi Beta Kappa chapter. These Connections serve as examples as to why "his impartiality might reasonably be questioned."

Judge Young may have additional connections to Harvard.[1] For example, whether Judge Young is a financial donor to Harvard was not evident from the information Mr. Brussard found on the internet. What is evident, is that the totality of Judge Young's Connections with Harvard give rise to the appearance of bias, if not actual bias.

Although reticent to make this Motion, we recognize the importance of preserving the public's confidence in an independent judiciary and its judges. The appearance of bias can exist regardless of whether there is actual bias. There is no question that Judge Young is an exceptional jurist who deserves the tremendous respect he has garnered from the judiciary and the public.

---

[1] Any additional Connections that Judge Young may have to Harvard, unknown to Mr. Brussard at this time, may constitute one of more of the prohibited relationships and positions enumerated in § 455(b). For example, §455(b) requires that a Judge disqualify himself in the following circumstances:

(4)  He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5)  He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i)   Is a party to the proceeding, or an officer, director, or trustee of a party;…

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding

**CONCLUSION**

For the foregoing reasons, Plaintiff Stephen J. Brussard respectfully requests that the Court grant his Motion for Recusal and for other and further relief as the Court deems just and proper.

Respectfully submitted,

STEPHEN J. BRUSSARD,

By: _____

Kevin M. Plante, Esq.
BBO #630088
General Counsel Law LLC
20 Park Plaza, Suite 498
Boston, MA 02116
(617) 784-8306
plante@gclaw.com

Mailing Address:
27 Crystal Lake Drive
Sudbury, MA 01776

*Attorney for Plaintiff*

January 13, 2021
Boston, Massachusetts