UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN J. BRUSSARD,

        Plaintiff,

v.

PRESIDENT & FELLOWS OF HARVARD COLLEGE aka HARVARD UNIVERSITY,

        Defendant.

Civil Action No. 1:20-cv-11758-WGY

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECUSAL**

Defendant Harvard University[1] ("Harvard") hereby submits this Response to Plaintiff's Motion for Recusal (Dkt. No. 24), filed on January 13, 2021.  The application of the relevant rules for recusal – including an assessment of whether actual bias or a personal interest in the outcome of the matter exists – is a matter for the presiding judge to determine based on his knowledge of all relevant circumstances.  As set forth more fully below, Plaintiff's motion does not present any valid basis for recusal, and Defendant is unaware of any such basis.  Judge Young has presided over cases involving Harvard in the past, and Defendant believes that it would be proper for him to do so again in this matter.

**ARGUMENT**

Plaintiff's motion argues that recusal of Judge Young is required pursuant to 28 U.S.C. § 455(a), which states that a judge must recuse himself where his impartiality "might reasonably be questioned."  The motion and affidavit in support do not assert that Judge Young has any

---

[1] Plaintiff has incorrectly named Harvard University as the defendant in this matter. The correct defendant is the President and Fellows of Harvard College.

personal interest in the outcome of this matter, nor that any actual bias exists. Rather, the motion is based on the potential for the "appearance" of bias or prejudice. In support of this claim of "appearance" of bias, the motion and affidavit rest primarily on the fact that Judge Young: (1) attended Harvard; (2) taught at Harvard as a Lecturer in Law over thirty years ago; and (3) has had various other "relationships, affiliations, associations, positions, honors, communications and activities with Harvard University." *See* Affidavit at ¶¶ 8-9.

None of the asserted bases support recusal. First, "[a]s the terms of section 455's additional explicitly mandated bases for recusal suggest, a reasonable suspicion of bias will usually arise only in the presence of such factors as a financial or strong personal interest in one of the litigants." *Brody v. President & Fellows of Harvard* College, 664 F.2d 10, 11 (1st Cir. 1981), cert. denied, 455 U.S. 1027 (1982). Specifically, "a judge's having attended or graduated from a school, which is a party, without more, is not a reasonable basis for questioning his impartiality." *Id.*

Moreover, where (as here) there is no factual allegation or argument suggesting that the judge has a personal or financial stake in the case outcome, the judge's history of various relationships with a school litigant is insufficient to support recusal. *See, e.g., Hoover v. Suffolk University Law School*, 27 F.3d 554 (1994); *Easley v. University of Michigan Bd. of Regents*, 906 F.2d 1143 (6th Cir. 1990) (recusal not supported based on judge being an alumnus of the litigant school, volunteering to fundraise and serving on a committee), cert. denied, 499 U.S. 947 (1991). "[J]udges come to the bench with a background of experiences, associations and viewpoints…[T]his background is seldom sufficient in itself to provide a reasonable basis for recusal." *Goldstein v. Harvard University*, 74 F.3d 1224 (1996) (D. Mass. 1996), citing *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir.1981). Finally, there is no

support for Plaintiff's novel proposition (*see* Affidavit at ¶ 10) that where counsel for a party attended college is a factor relevant to a recusal decision.

Defendant notes that Judge Young recently presided over a matter involving Harvard, presumably proceeding without a concern that recusal was required based on any potential appearance of bias.  *See President and Fellows of Harvard College v. Micron Tech., Inc.*, Civ. Act. No. 16-11249 (2017).

## CONCLUSION

As set forth herein, Plaintiff's motion does not set forth any valid support for recusal under the relevant rules.


Dated:  January 19, 2020

Respectfully submitted,

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg, BBO #666482
Saraa Basaria, BBO #685705
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:     (617) 624-4714
Facsimile:      (617) 624-4814
vsteinberg@toddweld.com
sbasaria@toddweld.com

*Attorneys for Defendant President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date:  January 19, 2021

                                              */s/ Victoria L. Steinberg*
                                              Victoria L. Steinberg